ORIGINAL

FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0007

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0007

MICHAEL DANIELS,

    Petitioner,

v.

JIM SALMONSON, Warden,
Montana State Prison,

    Respondent.



FILED

JUN 0 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

On January 4, 2021, self-represented Petitioner Michael Daniels filed a Petition for Writ of Habeas Corpus, alleging illegal incarceration due to a 2019 revocation of his parole. This Court addressed his claims and denied his Petition on January 19, 2021. On February 3, 2021, the Clerk of the Supreme Court returned his Petition for Rehearing because Daniels failed to serve counsel of record. The Clerk's office closed this case on February 8, 2021, because more than fifteen days had elapsed since this Court's Order. M. R. App. P. 20(2)(a). Daniels resubmitted his Petition for Rehearing on February 11, 2021, and the Clerk filed it. This Court received it on May 21, 2021.

In seeking rehearing, Daniels argues that our interpretation of § 46-23-1023(4), MCA, is incorrect because he should not have been held for more than 72 hours after arrest. He contends that under this statute, "the Parole Officer [h]ad [to] choose [one of] 3 options within 72 hours following the Detention." He notes that he was arrested on November 28, 2019, and states that he did not know what was going on from his arrest to December 3, 2019, the date of his attached Notice/Waiver of On-Site Hearing for Montana Parolee. He requests that this Court grant him habeas corpus relief because "Petitioner was arrested and was illegally Detained without any Pending charges in the Court of Law . . . ." (Emphasis in original).

Section 46-23-1023(4), MCA, provides:

> A probation and parole officer may authorize a detention center to hold a parolee arrested under this section without bail for 72 hours. Within 72 hours following the parolee's detention, the probation and parole officer shall:
>     (a)   authorize the detention center to release the parolee;
>     (b)   initiate an intervention hearing; or
>     (c)   initiate the revocation process with an initial hearing.

Daniels has placed too much reliance on this statute. Section 46-23-1023(4), MCA, does not apply to his detention. This Court noted in its prior order that Daniels was arrested pursuant to an arrest warrant and that Daniels could be held on that arrest warrant until his on-site hearing on December 4, 2019.

> We have addressed Daniels's claim before.
>
> The issue of a seventy-two-hour hold does not apply to Daniels, pursuant to §§ 46-23-1023(4)(a), (b), MCA, because an initial or on-site hearing commenced the revocation process, pursuant to § 46-23-1023(4)(c), MCA. His Probation and Parole Officer issued an Affidavit of Support of Probable Cause Hearing on Parole Violations on December 3, 2019. A parolee who has violated his conditions "may, if circumstances warrant, be incarcerated in the institution." Section 46-23-1023(3), MCA.

*Daniels v. Salmonsen*, No. OP 21-0007, Order denying habeas corpus relief, at 2 (Mont. Jan. 19, 2021) (*Daniels I*). Daniels initially provided a copy of the December 3, 2019 On-Site Affidavit of Probable Cause, listing the violations from November 2019. We pointed out in our prior Order:

> At his hearing, Daniels entered pleas of guilty to possessing a firearm and ammunition during a search after the November 28, 2019 law enforcement stop and to possessing illegal drugs following his vehicle's impoundment. Daniels's hearing was conducted in a timely fashion and within a short period of arrest, providing him all the process that he was due. Daniels had an on-site hearing as promptly as possible.

*Daniels I*, at 4. Even though charges were not filed in the District Court until December 11, 2019, Daniels received notice of the reason why he was detained in the December 3, 2019 On-Site Affidavit of Probable Cause.

Daniels has not shown "clearly demonstrated extraordinary circumstances," pursuant to M. R. App. P. 20(1)(d), to warrant rehearing. Daniels is not entitled to release.

IT IS THEREFORE ORDERED that Daniels's Petition for Rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Michael Daniels personally.

DATED this 1ˢᵗ day of June, 2021.

_____

_____

_____

_____

_____
Justices

3